# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALTAPURE LLC,

                Plaintiff,

v.

SURFACIDE LLC and ONEBEACON INSURANCE GROUP,

                Defendants.

Case No. 18-CV-1667-JPS

**ORDER**

      The parties are competitors in the business of selling disinfection products to hospitals. Plaintiff Altapure LLC's ("Altapure") products use chemicals to sanitize, while Defendant Surfacide LLC's ("Surfacide") employ UV light. Altapure alleges that Surfacide has violated Wisconsin and federal law by making false claims about the abilities of its disinfection products, thereby siphoning away Altapure's customers. (Docket #1-4). Specifically, Altapure alleges that Surfacide's misleading advertisements run afoul of the Wisconsin Deceptive Trade Practices Act ("WDTPA"), Wis. Stat. § 100.18(11)(b)2, which prohibits fraudulent representations causing pecuniary loss. *Id.* at 2–7. Altapure also contends that Surfacide's conduct violates the Lanham Act, 15 U.S.C. § 1125(a), which imposes liability on

> [a]ny person who . . . uses in commerce any . . . false or misleading representation of fact, which--(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities[.]"

This liability runs to "any person who believes that he or she is or is likely to be damaged" by the misrepresentations. *Id.* Altapure seeks declaratory

and injunctive relief which appear to be tied to the WDTPA claim. (Docket #1-4 at 8–9).

This action was removed to this Court on October 19, 2018, after Altapure filed its second amended complaint in state court. *See* (Docket #1 and #1-4).[1] Surfacide then filed a motion to dismiss the second amended complaint on October 26, 2018. (Docket #4). Surfacide contends that the WDTPA claim should be dismissed because that statute protects consumers, not business competitors. (Docket #5 at 3–5). Surfacide further argues that the WDTPA claim sounds in fraud and must therefore be alleged with particularity, which Altapure did not do. *Id.* at 5–6. Surfacide also suggests that Altapure's claims for declaratory and injunctive relief are not appropriate because Altapure has not suffered any harms warranting such relief. *Id.* at 6–9. Finally, Surfacide asks that the Court strike certain paragraphs of the second amended complaint, which assert that Surfacide committed fraud on the Patent Office, because they too are not pleaded with particularity. *Id.* at 9–11.

Altapure responded to the motion on November 30, 2018. (Docket #11). First, it notes that Surfacide's motion is focused almost entirely on the WDTPA claim and related issues. *Id.* at 7–9. The motion says little about any failure to adequately plead a violation of the Lanham Act. *Id.* Second, Altapure explains how it has indeed alleged the required elements of a Lanham Act claim. *Id.* at 9–12. Third, Altapure contends that its requests for declaratory and injunctive relief are properly lodged under the Lanham Act

---

[1] Though it was in fact Altapure's second amended complaint, the document was titled as the first amended complaint. (Docket #1-4 at 2). The Court will refer to the document by its proper designation as the second amended complaint.

claim. *Id.* at 12. Fourth, Altapure states that it has not attempted to assert a claim for fraud on the Patent Office. *Id.* at 13. Finally, Altapure seeks leave to file a third amended complaint which would withdraw the WDTPA claim and focus solely on the Lanham Act allegations. *Id.* at 13–14.

Surfacide opposes Altapure's request for leave to amend. (Docket #13). Surfacide asks that the WDTPA claim be dismissed with prejudice, rather than allow Altapure to simply withdraw it, to avoid having the claim be re-asserted at a later time. *Id.* at 2. As for fraud on the Patent Office, Surfacide explains that although "Altapure's response brief claims that it is not challenging Surfacide's patent, . . . by maintaining allegations that Altapure has made false statements to the Patent Office, its Complaint may have that effect." *Id.* Surfacide emphasizes that the fraud allegations do not meet the heightened pleading standard of Federal Rule of Civil Procedure ("FRCP") 9(b). Finally, in the final half-page of its brief, Surfacide claims that Altapure has not appropriately pleaded a Lanham Act violation. *Id.* at 3. Surfacide maintains that amendment would thus be futile and should not be allowed. *Id.*

FRCP 15(a)(2) provides that a court may grant leave to amend a pleading, and should do so "freely . . . when justice so requires." This liberal policy for amendment, particularly when applied "in the early stages of a lawsuit, is the best way to ensure that cases will be decided justly and on their merits." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & N.W. Ind.*, 786 F.3d, 510, 520 (7th Cir. 2015). Leave to amend should not be denied on the basis of futility unless such futility is absolutely certain. *Id.*

In light of this instruction from the Seventh Circuit, leave to amend should be granted one final time, and Surfacide's motion will be denied as moot. As noted by Altapure, the thrust of Surfacide's motion is the

dismissal of the WDTPA claim. Thus, with the withdrawal of that claim, Surfacide's primary concerns with Altapure's pleading are answered. Surfacide has said little about any infirmities with the Lanham Act claim. In the same vein, Surfacide's argument for futility is woefully underdeveloped, falling far short of establishing futility as a certainty. Surfacide is free to seek dismissal of the Lanham Act claim at a later time if it believes that is appropriate.[2] As to dismissal of the WDTPA claim with prejudice, the Court finds this inappropriate and unnecessary. With the acceptance of the third amended complaint, the WDTPA claim no longer exists. Should Altapure seek to re-assert such a claim at another time or in another forum, Surfacide will be free to argue to that tribunal that Altapure's claim is not only dismissible, but also potentially sanctionable.

The Court offers a final word of advice to the parties. They should candidly and openly discuss their differences about the state of Altapure's pleading. This process should help focus any future motion practice on the key areas of disagreement between them. Their discussions might even result in an additional stipulated amendment of the complaint to arrive at a final, mutually acceptable version of the document. In any event, the Court expects that the parties will work in a cooperative fashion to proceed past the pleading stage towards the trial of this matter.

To that end, the Court will set a scheduling conference for this matter by separate notice. It will do so even though another defendant named in

---

[2]The Court questions the relevance of Surfacide's concerns about allegations for fraud on the Patent Office. Why Surfacide is worried about the effect of those allegations is unclear, as it did not cite any law demonstrating the consequences of allowing the allegations to stand. In any event, should a relevant legal basis exist for dismissal of the fraud allegations, Surfacide can raise those in a renewed dispositive motion.

this action remains unserved. The Court notes that this defendant, OneBeacon Insurance Group, is only an insurance carrier for Surfacide, with no direct involvement in the facts of this case. *See* (Docket #12-1 at 2). Thus, there is no reason to delay scheduling this matter for trial to await that defendant's appearance. Altapure is nevertheless directed to promptly obtain service on this remaining defendant.

Accordingly,

**IT IS ORDERED** that Defendant Surfacide LLC's motion to dismiss (Docket #4) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff Altapure LLC's motion for leave to file an amended complaint (Docket #12) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the Clerk of the Court separately docket Plaintiff's third amended complaint (Docket #12-1), and that complaint shall become Plaintiff's operative pleading in this matter.

Dated at Milwaukee, Wisconsin, this 8th day of January, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge